986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmy GILBERT, Plaintiff,
and
Willie T. Hayes, Plaintiff-Appellant,
v.
Ted ADAMIC; Timothy Ritter; Joseph Haughain; Captain
Watkins; Frank Gunter; William Price; C.R. Marriott; Bob
Garcia, Lieutenant; Larry Phillips, Captain; Mike
Montanez; Richard Patchen; Marty Chance; R. Marez, and
Gloria Masterson, Defendants-Appellees.
 No. 92-1328.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jimmy Gilbert and Willie T. Hayes, prison inmates in the State of Colorado, appeal from dismissal of their complaint under 42 U.S.C. § 1983 seeking damages and injunctive relief based upon alleged deprivations of their constitutional rights. The complaints averred specific acts committed against them as well as general conditions allegedly existing in their institution of confinement.
 
 
 3
 The complaint was referred to a magistrate judge who recommended dismissal on legal grounds. Following the filing of those recommendations, plaintiffs filed a motion pursuant to 28 U.S.C. § 144 to disqualify the magistrate, claiming he "has demonstrated a bias and prejudice toward plaintiffs." After entertaining objections to the magistrate's recommendation, the district court adopted them and dismissed the complaint. The court also denied plaintiffs' motion to disqualify.
 
 
 4
 We have examined the record and hold the district court did not err. The magistrate properly ruled that plaintiffs were without standing to raise issues relating to general prison conditions and that the individual grievances stated against defendants did not rise to the level of constitutional deprivations. We affirm that decision on the grounds set forth by the magistrate judge.
 
 
 5
 Appellants further contend the district court erred by not disqualifying the magistrate judge. We note first, by the time their motion was filed, the magistrate judge had concluded his assignment in the case and had nothing further to do with it. Therefore, the district judge could have simply denied the motion as moot, but he chose instead to deny it on substantive grounds. We agree with that ruling.
 
 
 6
 The motion to disqualify was invalid because appellants failed to specify the "facts and the reasons for the belief that bias or prejudice exists," required by 28 U.S.C. § 144. Not only did they fail to attach to their motion the affidavit demanded by the statute, but also their motion contained no facts whatever.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.